UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JASON DUNCAN,** <br><br> **Plaintiff,** <br><br> v. <br><br> **CITY OF JERSEY CITY, et al.,** <br><br> **Defendants.** | Civ. No. 14-4020 (KM) (MAH) <br><br><br> **OPINION** |

**MCNULTY, U.S.D.J.:**

The plaintiff, Jason Duncan, brought this action to recover compensatory and punitive damages for violations of his civil rights pursuant to 42 U.S.C. § 1983. Duncan has asserted seven causes of action against the City of Jersey City (the "City") and sixteen named police officers of the City of Jersey City Police Department (the "Officers").[1] Essentially he alleges that the officers, who were chasing someone else, mistakenly apprehended Duncan, broke his cell phone, struck him, arrested him, and, when they realized their mistake, later released him.

The defendants have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss certain counts of the complaint for failure to state a claim.[2]

---

[1] Citations to the record will be as follows:
"Compl" = Complaint, dated June 24, 2014, Dkt. No. 1
"Br."= Brief in Support of Motion to Dismiss Plaintiff's Complaint, dated Sept. 2, 2014, Dkt. No. 4-1
"Opp." = Memorandum in Opposition to the Defendant's Motion to Dismiss, dated Sept. 9, 2014, Dkt. No. 5
"Reply" = Letter in Lieu of More Formal Reply, dated Sept. 29, 2014, Dkt. No. 6

[2] The defendants have conceded that they are not moving to dismiss Count 4 (failure to intervene under Section 1983) and Count 6 (municipal liability under Section 1983). (Reply p. 1)

For the reasons expressed below, the defendants' motion to dismiss will be granted in part and denied in part.

**Factual Background**

The complaint alleges that certain Jersey City police officers were involved in a high speed chase on Interstate Route 280 in the early morning hours of March 24, 2014. (Compl. ¶ 13) The driver of the fleeing vehicle lost control, collided with the rear of Duncan's car, and hit a wall. (Compl. ¶ 26) When Duncan stopped his car, police officers pulled up. As Duncan got out of his car, one of the officers ran towards him yelling "I got one," forced Duncan to the ground, and struck him. (Compl. ¶¶ 27–29) At some point, the police officers broke the screen of Duncan's phone. (*Id.* ¶ 34) Duncan was handcuffed and placed in the back of a police vehicle. (*Id.* ¶ 35) Duncan was later released and no criminal charges were filed against him. (*Id.* ¶ 38–39)

Duncan filed his complaint on June 24, 2014. (Dkt. No. 1) The complaint sets forth seven counts: six under 42 U.S.C. § 1983 and under the New Jersey Civil Rights Act. The Section 1983 counts include causes of action sounding in deprivation of federal civil rights, excessive force, false arrest, failure to intervene in the use of excessive force and false arrest, unlawful seizure of property, and municipal liability. The Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on September 2, 2014. (Dkt. No. 4) The defendants' motion is addressed to Counts 1, 2, 3, 5, and 7. (Br. p. 1, Reply p. 1) They concede that Count 4 (failure to intervene) and Count 6 (municipal liability) are properly pled, so I do not discuss them.

**LEGAL STANDARDS AND DISCUSSION**

**A. Motion to Dismiss under Rule 12(b)(6)**

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been

stated. *Animal Science Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

### B.   Count 1

In Count 1, Duncan alleges that he was deprived of the rights, privileges and immunities set forth in the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution. (Compl. ¶ 43) The Defendants have moved to dismiss Count 1 for failure to state a claim, based in part on its conclusory pleading. (Br. p. 2-3, 7-9) Duncan has consented to the dismissal of that count as it relates to any amendment except for the Fourth Amendment; he concedes that Count 1's language "was boiler plate in nature." (Opp. p. 4)

Duncan's Fourth Amendment claim in Count 1 consists of a legal conclusion. His Fourth Amendment claims, as he acknowledges, more specifically relate to false arrest, excessive force, and unlawful seizure. These

theories are pled specifically in Counts 2, 3, and 5. Because Count 1 is redundant, I will dismiss it.

### C. Counts 2, 3, and 5

Counts 2, 3, and 5 assert causes of action under Section 1983 for the use of excessive force, false arrest, and unlawful seizure of property. (Compl. ¶¶ 47–53, 60–63) The Defendants have moved to dismiss these counts on the grounds that Duncan has identified the culpable party as "P.O. John Doe #1," but has not tied his allegation to a particular named defendant or defendants. (Br. 5–6) Duncan responds that he does not know the name of the offending officer (and adds that he could not reasonably be expected to remember the officer's name in light of the traumatic and confusing events of that night). Duncan's complaint names as defendants all sixteen of the officers whose names appear on the police report. Discovery, he says, will reveal which officers did what, and in particular which officer performed the acts attributed to "P.O. John Doe #1." (Opp. p. 2)

It is true, of course, that the court may not hold a defendant liable merely for being part of a group that contained a culpable person or persons. *See Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976). Thus, to *succeed* on a Section 1983 claim, Duncan will have to identify which officer or officers had personal involvement in the alleged abuses. *See, e.g., Dinoia v. Cumbo*, 2015 WL 6739114, *4 (D.N.J. Nov 5, 2015) (granting summary judgment against individual officers where plaintiff could not identify which officers were personally involved); *McNeil v. City of Easton*, 694 F. Supp. 2d 375, 395–99 (E.D. Pa. 2010) (collecting cases where summary judgment granted for failure to identify which officer committed the alleged actions and finding no evidentiary basis on which to hold any named defendant liable).

We are, however, at the pleading stage, prior to any discovery. Duncan's inability to identify the particular officers who performed the allegedly wrongful acts is not unreasonable. It was late at night, he had been in a traffic accident, and he was allegedly struck and arrested. It is customary in such situations to

engage in "John Doe" pleading. Indeed, one of the most famous captions in the history of constitutional law is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). Duncan's caption gives more information, not less, than a simple "John Doe" pleading; he has specified the group of sixteen officers which, he believes, contains the culpable party or parties.

I understand and sympathize with any officer or officers who had no culpable involvement with the events of that evening. Discovery, however, should uncover which (if any) of the named defendants performed the acts attributed to "P.O. John Doe #1" or otherwise had personal involvement in these alleged constitutional torts. Motion practice may then result in the dismissal of certain defendants from the case. But I will not dismiss Counts 2, 3 and 5 at this time.

The defendants' motion to dismiss Counts 2, 3, and 5 is denied.

### D.    Count 7

In Count 7, Duncan asserts a claim under the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2. This count is premised on deprivation or interference with "substantive due process, equal protection rights, and privileges and immunities secured by the United States Constitution and/or...the State of New Jersey." (Compl. ¶ 74) The Defendants have moved to dismiss this claim because, in their view, it enforces the same rights as Section 1983 and should be dismissed "for similar reasons" as Count 1. (Br. p. 3) Although not expressly stated, I interpret these "similar reasons" to be that the allegations of deprivations of rights under Count 1 consists of legal conclusions and bare allegations, and that it is invalidly asserted against "John Doe."

I will not dismiss Count 7 at this time. True, it may turn out to be wholly redundant. "The New Jersey Civil Rights Act was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitutions." *Trafton v. City of Woodbury,* 799 F. Supp. 2d 417, 443–44. (D.N.J. 2011). This District has uniformly interpreted the Act in parallel with Section 1983. *Id.* The allegations in Count 7, moreover, are

repetitive of those in Count 1. I interpret Count 7 to be asserting claims parallel to the Fourth Amendment claims asserted in Counts 2, 3, and 5. I will permit it to remain in the case.

The Defendants' motion to dismiss Count 7 is denied.

## CONCLUSION

For the reasons stated above, the Defendants' motion to dismiss is granted as to Count 1 and otherwise denied. An appropriate order accompanies this opinion.

_____
KEVIN MCNULTY, U.S.D.J.

Date:  November 12, 2015